IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | : | |
| SANFORD KREISLER and | : | |
| BASK HOLDINGS, LLC, | : | |
|     Debtors | : | |
| | : : : | |
| BASK HOLDINGS, LLC, and | : | |
| SANFORD KREISLER, | : | |
|     Appellants | : | |
| | : | |
| v. | : | CIVIL NO. AMD 05-1850 |
| | : | |
| STERLING PROPERTIES, INC., et al., | : | |
|     Appellees | : | APPEAL FROM BANKRUPTCY |
| | : | CASE NO. 02-57640-SD |

...o0o...

MEMORANDUM OPINION

This is an appeal from a June 2, 2005, order of the bankruptcy court in a consolidated Chapter 11 case involving two debtors, appellants Sanford Kreisler and Bask Holdings, LLC. Subject matter jurisdiction is appropriate under 28 U.S.C. § 158(c)(1). On appeal, district courts review bankruptcy courts' factual findings for clear error, and their conclusions of law under the *de novo* standard. *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001); *In re Deutchmann*, 192 F.3d 457, 459 (4th Cir. 1999). An abuse of discretion standard applies in the review of a bankruptcy court's ultimate application of law to fact. "An abuse of discretion exists where the [lower court's] decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re Marvel Entertainment Group, Inc.,* 140 F.3d 463, 470 (3d Cir. 1998) (quoting *ACLU v. Black Horse Pike Reg'l Bd. of Educ.,* 84 F.3d 1471, 1476 (3d Cir. 1996) (internal quotation omitted)).

Appellants seek reversal of the bankruptcy court's order which, *inter alia*, ordered an accounting of funds held by debtors and derived from a sale of New York real estate subject to certain tax liens, ordered the immediate payment of certain priority claims by the holders of the tax liens, ordered a production of documents, and imposed other requirements on the debtors. The record on appeal shows indisputably that the bankruptcy court afforded the debtors several opportunities to file appropriate pleadings, and to conduct appropriate adversary proceedings, to avoid the liens, the validity of which were satisfactorily established by the claimants in proceedings before the court. After more than 18 months of non-action by the debtors and their blatant disregard of the court's orders, the court granted appellees' "Motion to Compel Compliance with Sale Order and for Accounting."

Apparently without even blushing, on appeal, debtors complain that the bankruptcy court should have held a hearing "pursuant to 11 U.S.C. § 363(o)(2)" at some unspecified time, and required the lien holders to adduce adequate proof as to the validity of the underlying liens. (Apparently, the gravamen of appellants' objection to the course of proceedings below is that New York counsel was permitted to appear by telephone.) I agree with the appellees that appellants' arguments on appeal are incoherent and amount merely to a transparent attempt to delay these proceedings.

Clearly, in granting the motion to compel, the bankruptcy court committed no error of law or abuse of discretion. Accordingly, the bankruptcy court's order shall be AFFIRMED.

Filed: September 22, 2005                           /s/
                                              Andre M. Davis
                                              United States District Judge